OPINION OF THE COURT
Bernard F. McCaffrey, J.
This is a proceeding by a customer against his former commodities futures broker. The American Arbitration Association (AAA) stated it could only appoint one arbitrator and had administratively appointed the other two.
The AAA is organized as an independent and impartial tribunal. The list of proposed arbitrators is prepared by the AAA and submitted to the parties so that they can select, in numerical order, their preferences.
The two arbitrators appointed by the AAA are, or were, in the commodities futures business. One arbitrator is an independent floor broker and a member of various exchanges, the same exchanges to which respondent holds memberships. The second arbitrator is president of a commodities futures fund and had been associated with various commodities futures brokers.
The AAA retained these arbitrators on the panel over claimant’s objections.
At the commencement of the first hearing of this arbitration, claimant’s attorney attempted to question these arbi *1010 trators concerning their possible business and social connections with respondent. The arbitrators refused to permit such questions and declined to respond thereto.
Thus, the petitioner in effect contends that, standing alone without any showing of conflict or bias, the mere present affiliations of two of the panel members with the commodities industry constitutes a conflict or prejudice as to such person’s ability to hear petitioner’s arbitration claim. These circumstances alone result in a right to commence discovery into the personal and business affairs of these two panel members in search of some possible link to the respondent which could support a further application to this court to remove them from the panel.
The court finds that petitioner’s contentions are without merit. Each panel member’s industry background was set forth in prehearing disclosures and no connection with respondent was indicated. The intimation that the challenged panel members are “friends” of respondent is without basis.
Although petitioner asserts alleged violation by the AAA of its own rules because the two challenged arbitrators, according to petitioner, lack neutrality due to past and present relations with respondent, petitioner has not asserted one hard fact in this regard. Furthermore, the rules of the AAA require disclosure by an arbitrator to be made to the association, not to the petitioner, and pursuant to rule 19 the association’s determination as to qualification is “conclusive”. As it turned out, the challenged panel members’ prior industry participation was disclosed in writing prior to the hearing. As a result of said disclosure, petitioner challenged two of the panel members, and in its consideration of said challenge the association found no sufficient basis in said challenge to preclude these persons from serving on the panel.
The purported conflict of interest alleged by petitioner is neither concrete nor factual; rather, it appears to be speculative in that there appears to be a belief or feeling on the part of petitioner, or his counsel, that such a conflict will be “very likely”. In any event, industry affiliation on the part of any panel member is not, by itself, justification for disqualification. (See Matter of Astoria Med. Group [Health *1011 Ins. Plan], 11 NY2d 128, 136.) The record reflects that the association confirmed its original selection in the face of petitioner’s challenge, or objection, to the two appointments on the basis of their ability to be neutral and impartial.
The petitioner seeks to engage prospective panel members in extensive examination into “possible business and/ or social contacts”. If panel members are to be held subject to extensive examination into their business and personal affairs, without the slightest basis for a claim of partiality, the prospect of such “fishing” expeditions will quickly reduce the ranks of those willing to serve in the capacity of arbitrator. The prospective arbitrators ought to disclose their background experience as they have been here, and when they have done so to the satisfaction of the association, the said arbitrators ought to be spared their being further harassed or badgered by a petitioner or respondent. It seems clear that the courts are to refrain from intruding into the arbitration process for “exploratory” inquiries, because the arbitrator is in a far better position than the parties to determine and reveal those facts which might give rise to an inference of bias. (Matter of Stevens & Co. [Rytex Corp.], 34 NY2d 123.)
Prehearing disclosure was made in this case, and was found insufficient to preclude service as an arbitrator in each instance.
The motion by petitioner to reargue the order of this court dated September 9, 1983, is granted, and upon such reargument and reconsideration the court adheres to its original determination.
The motion by petitioner brought on by order to show cause dated October 19, 1983, to stay further arbitration hearing pending determination of the motion to reargue, is deemed moot in view of the respondent’s consenting to defer scheduling of the next arbitration hearing until the motion to reargue has been decided.